IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CR-328-WHA |
| | ) | |
| MODESTA BARAJAS DE CHAVEZ | ) | |

## **ORDER**

Pending before the court is Defendant's pro se Motion to Reduce Sentence. (Doc. # 238.) For the reasons stated below, this motion is due to be denied.

### I. PROCEDURAL BACKGROUND

On April 16, 2015, a judgment was entered adjudicating Defendant Modesta De Chavez guilty of conspiracy to possess with intent to distribute methamphetamine and sentencing her to 168 months of imprisonment. (Doc. # 105.) She filed her first motion to reduce her sentence on September 8, 2015, arguing that her guidelines range should be reduced due to the retroactive application of Sentencing Guidelines Amendment 782, which revised the Drug Quantity Table. (Doc. # 150.) That motion was denied because she was sentenced under the current guidelines. (Doc. # 154.)

On July 27, 2016, Ms. De Chavez filed a civil action asserting she was entitled to a retroactive reduction to her sentence based on a November 1, 2015 amendment to § B1.2 of the Sentencing Guidelines (Amendment 794). *De Chavez v. U.S.*, 2:16-cv-618 (Doc. # 1 at 1–5). Section 3B1.2 provides for offense level decreases for being a minimal or minor participant in the criminal activity. The amendment only revised the commentary by introducing a list of factors that a sentencing court should consider when deciding

whether to apply a mitigating role reduction. This court adopted the magistrate judge's recommendation of dismissal because (1) Ms. De Chavez waived her right to appeal and collaterally attack her sentence; (2) her claims otherwise entitled her to no relief because the Eleventh Circuit held that Amendment 794 was a clarifying amendment that did not substantively change § 3B1.2, so Ms. De Chavez could have argued for this reduction at sentencing; and (3) the claim was untimely.

## II.  DISCUSSION

Ms. De Chavez now seeks a two-level reduction pursuant to *Hughes v. United States*, 138 S. Ct. 1765 (2018). *Hughes* established that a defendant may seek relief under a retroactive sentence guideline when the defendant entered a plea agreement specifying a sentence under Federal Rule of Criminal Procedure 11(c)(1)(C) ("Type-C" agreement) if the guidelines range was a factor in determining the sentence. *Id*. at 1776. In *Hughes*, the defendant sought a reduction of his methamphetamine conviction under Amendment 782 to the Sentencing Guidelines even though he had entered a Type C plea agreement. The Court held the defendant was entitled to have his sentence reevaluated under that retroactive amendment because the guideline range was a basis for the sentence imposed.

Here, Ms. De Chavez does not specify which amendment to the sentencing guidelines would entitle her to a reduction of sentence. She did, however, already seek a reduction under Amendment 782, which this court denied because she was sentenced under the current guidelines. Her later motion for a reduction under Amendment 794 was similarly denied. There is nothing in the motion to suggest that there is another recent

amendment that might be applicable. Accordingly, Ms. De Chavez's motion does not raise any new issues for this court to decide.

## III. CONCLUSION

In addition to potential procedural bars to bringing this motion, Petitioner does not identify any amendment to the sentencing guidelines that might entitle her to sentencing reduction. The court has already determined that the amendment at issue in *Hughes*, is not applicable to Ms. De Chavez because she was sentenced under the current guidelines. Accordingly, it is ORDERED that Ms. De Chavez's Motion to Reduce Sentence (Doc. # 238) is DENIED.

DONE this 30th day of January, 2019.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE